UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS FARMERS INSURANCE CO., as subrogee of ROULA FUNTEAS, <br><br> Plaintiff, <br><br> v. <br><br> GSW, INC., <br><br> Defendant. | 04 C 1501 <br><br> Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiff Illinois Farmers Insurance Co. ("Farmers Insurance") filed a four-count complaint against defendant GSW, Inc. ("GSW"). Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing plaintiff's claims. For the reasons set forth below, the Court denies defendant's motion.

### I. Background

For purposes of this motion to dismiss, the Court takes as true the allegations in the complaint. According to the complaint, plaintiff Farmers Insurance issued to Roula Funteas ("Funteas") an insurance policy which covered Funteas's residential property. Defendant GSW designs, manufactures and distributes residential and commercial water heaters.

The complaint alleges that Funteas purchased from GSW a water heater for the residential property insured by Farmers Insurance. The water heater failed, burst and caused $300,000 worth of water and mold damage to Funteas' residential property. After Farmers Insurance reimbursed Funteas, it (as Funteas's subrogee) filed suit against GSW, alleging breach of contract, breach of express and implied warranties, negligence and strict products liability.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant moves to dismiss all four of plaintiff's claims. For the reasons explained below, the Court denies defendant's motion.

## II. Standard on a motion to dismiss

The Court may dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In this diversity action, the parties agree that Illinois substantive law applies.

## III. Discussion

Defendant makes three arguments in support of its motion to dismiss. First, defendant argues that all of plaintiff's claims are barred by language in an owner's manual "issued to Funteas upon the purchase of the GSW, Inc. water heater." In support of this argument, defendant supplies the affidavit of Debbie Gallagher, who authenticates a water heater manual and avers that the manual "would have accompanied" the water heater at issue in the suit. Because this is a motion to dismiss, however, the Court excludes these materials, which are outside the pleadings. See Fed.R.Civ.P. 12(b). Dismissal on this ground is inappropriate at the pleadings stage.

Next, defendant argues that plaintiff's fourth count fails to state a claim upon which relief may be granted. In Count IV, plaintiff alleges, among other things, that GSW is strictly liable for the water/mold damage caused by the water heater because it designed, manufactured, sold and/or supplied the water heater at issue in an unreasonably dangerous and defective condition. Plaintiff further alleges that GSW failed to warn Funteas about the hazardous equipment, thereby rendering it in an unreasonably defective condition. Defendant argues that the water heater is not inherently dangerous because GSW warned Funteas about the possibility of water leakage and disclaimed liability. Once again, defendant is attempting to rely on facts outside the complaint to dismiss a claim. On this 12(b)(6) motion, the Court will not consider evidence or facts outside the pleadings. Defendant has failed to point out any element of plaintiff's claim which plaintiff has failed to plead. Accordingly, the Court rejects defendant's second argument.

Finally, in two sentences, plaintiff argues that Count I should be dismissed because the allegations "are wholly duplicative of the allegations of Count IV and should be dismissed as redundant." Rule 12(f) of the Federal Rules of Civil Procedure allows a Court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike redundant material are disfavored. *See Employer Ins. of Wausau v. Pacer Int'l, Inc.*, Case No. 04 C 4563, 2005 WL 61481 at *2 (N.D. Ill. Jan. 11, 2005). In this case, the Court does not agree that the allegations in Count I are duplicative of those in Count IV. Nor has plaintiff pointed out any deficiency in plaintiff's attempt to plead a claim for breach of contract. Accordingly, the Court rejects plaintiff's third argument.

## IV. Conclusion

For the reasons set forth above, the Court denies defendant's motion to dismiss.

ENTER:

George M. Marovich
United States District Judge

DATED: January 25, 2005